## STATE SUPREME COURT—Continued

19119. J. A. Wigmore Co. v. Wilkie V. Chapman. Motion for Cuyahoga Appeals to certify. Allowed. Dock 5-6-25, 3 Abs. 313.

19120. Criterion Clothing Co. v. Marvin C. Clark et al. Motion for Scioto appeals to certify. Overruled. Dock 5-6-25, 3 Abs. 313.

19122. Frank Gensler v. Harold A. Babcock, etc. Motion for Lucas Appeals to certify. Overruled. Dock. 5-8-25, 3 Abs. 313.

19125. State ex Clarence H. Keaner v. Ashland County Bd. of Ed. Motion for Ashland Appeals to certify. Overruled. Dock. 5 8-25, 3 Abs. 313.

19126. American Mortgage Co. v. David R. Rosenbaum. Motion for Hamilton Appeals to certify. Allowed. Dock. 5-10-25, 3 Abs. 313. OS. Pend. 3 Abs. 380.

19127. Henry Knote v. P. W. Leich. Motion for Crawford Appeals to certify. Overruled. Dock. 5-10-25, 3 Abs. 313.

19129. Luther Armentrout v. L. M. Fairbanks et al. Motion for Hamilton Appeals to certify. Overruled. Dock 5-11-25, 3 Abs. 329. OA. 3 Abs. 423.

19130. Luther Armentrout v. L. M. Fairbanks. Motion for Hamilton Appeals to certify. Overruled. Dock. 5-11-25, 3 Abs. 329; OA. 3 Abs. 423.

19131. Robert J. Hildebrandt v. Globe Machine & Samping Co. Motion for Cuyahoga Appeals to certify. Overruled. Dock. 5-11-25, 3 Abs. 329.

19134. Calogere Russo, Admr. v. Pennsylvania Co. Motion for Cuyahoga Appeals to certify. Overruled. Dock. 5-12-25, 3 Abs. 329.

19135. Ella Baker v. C. W. Bashaw. Motion for Cuyahoga Appeals to certify. Overruled. Dock. 5-12-25, 3 Abs. 329.

19136. Louis Hughes et al v. Excelsior Laundry Co. Motion by defendant to dismiss pet. in error as of right. Sustained. Dock. 5-12-25, 3 Abs. 329.

19146. Virgil Cruit v. N. S. Pealer, Admr. Motion for Franklin Appeals to certify. Overruled. Dock. 5-15-25, 3 Abs. 329.

19151. State of Ohio v. Hunter Charles. Motion to leave to file petition in error to the Cuyahoga Appeals. Overruled. Dock. 5-16-25, 3 Abs. 329.

19152. Joe Tisone v. Youngstown (City). Motion for Mahoning Appeals to certify. Overruled. Dock. 5-16-25, 3 Abs. 329.

19159. Alta M. Algire v. B. D. Sparling. Motion for Hancock Appeals to certify. Overruled. Dock. 5-21-25, 3 Abs. 341. O. A. 3 Abs. 371.

## Abstracts of Last Week's SUPREME COURT OPINIONS

### DIGEST OF OPINIONS

#### SYLLABI

#### No. 574

No. 18991—Edward E. Curtis v. State of Ohio. Error to the Court of Appeals of Stark county.

178. BRIBERY. 1. Not necessary to have act for which bribe is given accomplished.

2. In prosecution of, where conspiracy is attempted to be proven, not error for court to admit evidence of official acts which do not constitute fully consummated similar crimes, if such acts are in furtherance of general conspiracy.—Charge of court as to credibility of accomplices.

MARSHALL, C. J.

1. If a bribe is received, it is not necessary that the act for which it is given be actually accomplished. The crime is complete when the money is received for the purpose of influencing official action.

2. In a prosecution for bribery upon an indictment alleging a single offense of the receipt of a definite sum of money on a definate date for the purpose of influencing official conduct, it is competent on the part of the state for the purpose of proving unlawful intent to introduce evidence of a conspiracy between the defendant and others for the purpose of thwarting and annulling the administration of justice in that branch of the public service in which the defendant is engaged, and after such conspiracy has been established by prima facie evidence the court may in the exercise of sound discretion give a wide latitude to the introduction of evidence of such conspiracy and it is not error to admit evidence of official acts which do not constitute complete and fully consummated similar crimes, if such acts are in furtherance of the general conspiracy.

3. Where in a prosecution for crime persons alleged to be accomplices of the defendant have testified on behalf of the state, it is not error for the court to refuse to instruct the jury that they are in fact accomplices and leave it to the jury to determine whether or not the witness is an accomplice.

4. It is not error to refuse a special request to charge which singles out a certain witness or certain witnesses by name stating that such witness or witnesses have admitted under oath on the witness stand to having committed perjury in another hearing upon the same matter, or that such witnesses have testified in other cases to the contrary from their testimony in the instant case, or that they are by their own confession law violators. It is sufficient if the court properly instructs the jury in the general charge upon the subject of credibility of witnesses.

Judgment affirmed.

Day, Allen and Kinkade, JJ., concur.

#### No. 575

No. 18829—J. C. Hoagland v. Clara Hoagland. Error to the Court of Appeals of Trumbull county.

419. DOWER—In contemplation of, separation, for good consideration, dower and distributive share may be released if made under rules governing persons occupying confidential relations.

JONES, J.

1. Where husband and wife, in contemplation of separation, enter into mutual covenants for release of dower and distributive share, and as part consideration therefor, the husband pays the wife the sum of $5000.00 which she accepts, and separation occurs pursuant thereto, such contract, if made in ac-